JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANOTE JIRAMOREE, | NO. CV 08-07511 SJO (Ex) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
| v. | [Docket No. 5] |
| HOMEQ SERVICING, et al., | |
| Defendants. | |

This matter is before the Court on Defendants HomEq Servicing's ("HomEq") Motion to Dismiss Complaint, filed January 22, 2009. Plaintiff Manote Jiramoree ("Jiramoree") has not responded to the Motion. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 23, 2009. *See* Fed. R. Civ. P. 78(b). For the following reasons, HomEq's Motion is GRANTED.

I. BACKGROUND

On September 1, 2005, Jiramoree applied for and received a home loan of $497,700.00 from First NLC Financial Services LLC, who later assigned the loan to HomEq. (*See* Compl. 2.) On October 8, 2008, HomEq informed Jiramoree that his account was delinquent and, thus, HomEq was legally entitled to foreclose. (*See* Compl. Ex. B.)

On November 13, 2008, Jiramoree filed suit against Defendants HomEq, Quality Loan Service Corp., and Anselmo Pagkaliwangan (collectively, "Defendants"), alleging

causes of action for: (1) breach of the covenant of good faith and fair dealing; (2) fraud and racketeering; (3) usury and racketeering; and (4) intentional infliction of emotional distress, all based on Defendants' alleged failure to lend him "lawful money" under the U.S. Constitution. (Compl. 8-10.) HomEq now moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

II. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). A court accepts the non-moving party's material allegations as true and construes them in the light most favorable to the non-moving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Dismissal is proper if the claim lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 554 F.3d 1116, 1121 (9th Cir. 2008). In pleading sufficient facts, a party must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 127 S. Ct. at 1965. Likewise, "the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled." *Henderson v. Felker*, No. 06-1325, 2008 U.S. Dist. LEXIS 16518, at *14 (E.D. Cal. Mar. 4, 2008).

Here, Jiramoree bases all of his claims on the premise that Defendants acted unlawfully by funding his loan by checks or wire transfers not backed by redeemable gold or silver coins in violation of Article I, § 10, Clause 1 of the U.S. Constitution.[1] (*See* Compl. 8-10.) This "vapor money" theory, that no enforceable debt accrues to a lender that funds loans through checks or

---

[1] Article I, Section 10, Clause 1 of the Constitution states, "No state shall . . . make anything but gold and silver coin a tender in payment of debts." U.S. Const. art. I, § 10, cl. 1.

2

wire transfers rather than through cash, has been repeatedly rejected by courts across the country. *See, e.g.*, *Frances Kenny Family Trust v. World Sav. Bank FSB*, No. 04-03724, 2005 U.S. Dist. LEXIS 2403, at *2 (N.D. Cal. Jan. 19, 2005) ("The main premise is that no enforceable debt accrues from a lender that funds a loan through wire transfers rather than through hard cash. This is the so-called 'vapor money' theory. . . . [P]laintiffs' 'vapor money' theory has no basis in law. It has been squarely addressed and rejected by various courts throughout the country for over twenty years.") (internal citations omitted); *see also Carrington v. Fannie Mae*, No. 05-73429, 2005 U.S. Dist. LEXIS 31605, at *6 (E.D. Mich. Nov. 29, 2005); *Nixon v. Individual Head of St. Joseph Mortg. Co.*, 615 F. Supp. 898, 900 (N.D. Ind. 1985).

Because Jiramoree's constitutional claim of "unlawful" money, which is the basis of all of his claims, has no merit, he fails to state a claim upon which relief can be granted.

III.  RULING

For the foregoing reasons, the Court GRANTS HomEq's Motion to Dismiss. Because the court may sua sponte dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court dismisses the claims against the non-moving Defendants, Quality Loan Service Corp. and Anselmo Pagkaliwangan, on its own motion. *See Burgess v. State of Nev.*, 859 F.2d 154 n. 2 (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir.1981)).

Given that Jiramoree has shown no legal basis for his claims and any amendment to the claims would be futile, the case is DISMISSED WITH PREJUDICE as to all Defendants. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

IT IS SO ORDERED.

Dated this 9th day of March, 2009.

*S. James Otero*
_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE